**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LAVIETRA BROWN,** ) | |
| 1115 McCollough Ct NW ) | |
| Unit #302 ) | |
| Washington, DC 20001, ) | |
| ` ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Civil Action No.: 1:26-cv-00217** |
| ) | |
| ) | |
| ) | |
| **HOWARD UNIVERSITY HOSPITAL** ) | |
| 2041 Georgia Avenue., ) | |
| Washington, DC 20060, ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

**<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. § 1331, 1441, 1446 & 1367, Defendant Howard University Hospital hereby gives notice of removal of this action, captioned *LaVietra Brown v. Howard University Hospital*, Case No.: 2025-CAB-008463 from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. This Court has jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff asserts claims under the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA") and the Complaint thus presents a substantive federal question. In further support thereof, Howard states as follows:

**I.    BACKGROUND**

1.    On December 29, 2025, Plaintiff LaVietra Brown ("Plaintiff" or "Brown") filed a Complaint in the Superior Court of the District of Columbia, naming as Defendant Howard University Hospital ("Howard" or "HUH"). *See* **<u>Exhibit A</u>**.

2.    While Plaintiff's Complaint is vague and conclusory, Plaintiff alleges that she is

bringing this action "for disability discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act (ADA)" and that she "assert[s] claims for interference and retaliation under the Family and Medical Leave Act (FMLA)." *See* **Exhibit A** at p. 3.

3.      The Complaint explicitly references "the Americans with Disabilities Act" and the "Family and Medical Leave Act." *See* **Exhibit A**. at p. 3.

4.       The Complaint thus makes clear that alleged violations of ADA and FMLA form the basis for Plaintiff's claims, bringing this case within the federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331.

5.      In accordance with 28 U.S.C. § 1446(a), undersigned counsel certifies that copies of all process, pleadings, and orders served on Howard in the State court action are attached as **Exhibit B**.[1]

## II.      THIS NOTICE OF REMOVAL IS TIMELY

6.      On January 6, 2026, Defendant received a copy of the Summons and Complaint via certified mail addressed to Defendant's Chief Executive Officer. *See* **Exhibit B** at p.1.

7.      The Notice of Removal is timely pursuant to 28 U.S.C. § 1446(a) because it was filed within 30 days of service of Plaintiff's Complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint).

8.      By filing this Notice of Removal, Howard does not waive any defense that may be available, and it reserves all such defenses.

---

[1]      Filed as **Exhibit C** to this Notice of Removal is a copy of the Notice of Filing of Notice of Removal, the original of which Howard is simultaneously filing with the clerk of the Superior Court of the District of Columbia.

**III.    JURISDICTION AND VENUE**

9.    This Court has subject matter jurisdiction of this case under 28 U.S.C. § 1331 because Plaintiff's claims present a federal question (*i.e.*, the Complaint alleges violations of ADA and FMLA) and because all other requirements for removal have been satisfied.

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 88, 1391, 1441(a) and 1446(a) because the Superior Court of the District of Columbia, where Plaintiff filed her Complaint, is a court of the District of Columbia within the judicial district of the United States District Court for the District of Columbia.

**IV.    ALL PROPERLY JOINED AND SERVED DEFENDANTS HAVE CONSENTED TO REMOVAL**

11.    For purposes of removal based on federal question jurisdiction under 28 U.S.C. § 1331, "all defendants who have been properly joined and served must join in or consent to removal of the action."  28 U.S.C. § 1446(b).

12.    As of the date of the filing of this Notice of Removal, the only defendant in this matter is Howard University Hospital and thus the consent of other defendants is not at issue.

13.    If any question arises as to the propriety of the removal to this Court, Howard requests the opportunity to present a brief and oral argument in support of its contention that this case has been properly removed.

**V.    PLAINTIFF'S CLAIMS PRESENT A FEDERAL QUESTION UNDER THE ADA AND FMLA.**

14.    Removal is proper pursuant to 28 U.S.C. §§ 1331 & 1441 because the Complaint presents a substantive federal question under the ADA and FMLA.

15.    The original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

3

16. "Whether a case 'arises under' federal law for purposes of § 1331" is governed by the "well-pleaded complaint rule." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002).

17. Here, the Complaint explicitly alleges violations of the ADA and FMLA *See* **Exhibit A** at p. 3.

18. Furthermore, Plaintiff's remaining state law claims present the same issues as those raised in her federal claims. While Plaintiff also asserts her claims under the D.C. Human Rights Act ("DCHRA"), it is well-established that the DCHRA is analyzed in the same manner as federally equivalent claims. *DuBerry v. District of Columbia*, 582 F. Supp. 2d 27, 40 (2008).

19. Accordingly, Plaintiff's claims require the application of federal law and, thus, give rise to federal question jurisdiction.

20. Therefore, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. 1331 and is one that Howard may remove to this Court pursuant to the provisions of 28 U.S.C § 1441(b).

21. To the extent that the Court determines that some, but not all, of the Complaint's claims state a substantial federal question, the Court can evaluate whether to retain any non-federal claims against Howard under the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367(a). Here, any state law claims asserted under the DCHRA are the same or substantially similar as her ADA and FMLA interference claim(s), such that they form the same case and controversy.

## VI. CONCLUSION

22. For the above-mentioned reasons, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, and this action has been properly removed pursuant to 28 U.S.C. § 1446.

4

**WHEREFORE** Defendant Howard University Hospital hereby removes this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

DATED: January 26, 2026

Respectfully submitted,

**HOWARD UNIVERSITY**

/s/ *Nathiya Nagendra*
Zachary I. Shapiro
Deputy General Counsel
D.C. Bar # 1021639
Nathiya Nagendra
Senior Associate General Counsel
D.C. Bar #1031055
Howard University
2400 Sixth Street, N.W.
Washington, D.C. 20059
T: 202-806-2664
E-mail: nathiya.nagendra@howard.edu

*Counsel for Howard University Hospital*

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed and e-mailed to:

LaVietra Brown
1115 McCollough Ct NW
Unit #302
Washington, DC 20001
lavietrawhite1976@gmail.com

*Plaintiff*

/s/ *Nathiya Nagendra*
Nathiya Nagendra