**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LAVIETRA BROWN**<br><br>**Plaintiff,**<br>**v.**<br><br>**HOWARD UNIVERSITY HOSPITAL**<br><br>**Defendant.** | **Case No.: 1:26-cv-00217-APM** |

**MEMORANDUM IN SUPPORT OF DEFENDANT HOWARD UNIVERSITY HOSPITAL'S MOTION TO DISMISS**

## TABLE OF CONTENTS


I. **INTRODUCTION** .... 1

II. **FACTUAL BACKGROUND** .... 2

a. Plaintiff's Employment History at Howard .... 2

b. Procedural History .... 3

III. **STANDARD OF REVIEW** .... 4

IV. **ARGUMENT** .... 5

a. Plaintiff Fails to State a Claim for Disability Discrimination Under the ADA or DCHRA .... 5

*i. Plaintiff Does Not Plausibly Allege She Was A Qualified Individual.* .... 5

*ii. Plaintiff Fails to Allege Facts Supporting an Inference of Discriminatory Intent.* .... 8

b. Plaintiff Fails to State a Claim for Failure to Accommodate .... 9

c. Plaintiff Fails to State a Claim for Retaliation Under the ADA or DCHRA. .... 11

d. Plaintiff Fails to State a Claim for FMLA Interference. .... 11

e. Plaintiff's FMLA Retaliation Claim Likewise Fails. .... 12

f. The Complaint Should Be Dismissed With Prejudice. .... 14

V. **CONCLUSION** .... 14

**TABLE OF AUTHORITIES**

**Cases**

*Alford v. Providence Hosp.*, 945 F. Supp. 2d 98 (D.D.C. 2013), aff'd, 561 F. App'x 13 (D.C. Cir. 2014) ... 13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ... 4

*Atherton v. D.C. Office of the Mayor*, 567 F.3d 672 (D.C. Cir. 2009) ... 4

**Austin v. American Institute for Research*, 75 F. Supp. 3d 247 (D.D.C. 2014) ... 10

**Badwal v. Bd. of Trs. of Univ. of D.C.*, 139 F. Supp. 3d 295 (D.D.C. 2015) ... 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ... 4

*Bello v. Howard Univ.*, 898 F. Supp. 2d 213 (D.D.C. 2012) ... 4

*Benson v. Northwest Airlines*, 62 F.3d 1108 (8th Cir. 1995) ... 9

*Browning v. Clinton*, 292 F.3d 235 (D.C. Cir. 2002) ... 4

**Carter v. Carson*, 241 F. Supp. 3d 191 (D.D.C. 2017), <u>aff'd,</u> 715 F. App'x 16 (D.C. Cir. 2018) ... 7

*Chang v. Inst. For Pub.-Priv. Partnerships, Inc.*, 846 A.2d 318 (D.C. 2004) ... 12

*Chinchillo v. Powell,* 236 F.Supp.2d 18 (D.D.C. 2003) ... 5

*Cochrum v. Old Ben Coal Co.*, 102 F.3d 908 (7th Cir. 1996) ... 9

*Duncan v. Harvey*, 479 F. Supp. 2d 125 (D.D.C. 2007) ... 9

*E. Sav. Bank, FSB v. Papageorge*, 31 F. Supp. 3d 1 (D.D.C. 2014), aff'd, 629 F. App'x 1 (D.C. Cir. 2015) ... 14

**Flemmings v. Howard Univ.,* 198 F.3d 857 (D.C. Cir. 1999) ... 5, 9

**George v. Molson Coors Beverage Co. USA, LLC*, No. 1:20-CV-01914 (TNM), 2020 WL 5702089 (D.D.C. Sept. 24, 2020) ... 13

*Hunt v. Dist. of Columbia,* 66 A.3d 987 (D.C. 2013) ... 6

*Kalekiristos v. CTF Hotel Mgmt. Corp.,* 958 F. Supp. 641 (D.D.C.1997), *aff'd,* 132 F.3d 1481 (D.C. Cir. 1997) ... 5

*Kowal v. MCI Comm'cns Corp.*, 16 F.3d 1271 (D.C. Cir. 1994) ... 4

*McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973) ... 12

*Minter v. District of Columbia*, 809 F.3d 66 (D.C. Cir. 2015) ... 11

*Papasan v. Allain*, 478 U.S. 265 (1986) ... 4

*Quick v. EduCap, Inc.*, 318 F. Supp. 3d 121 (D.D.C. 2018) ... 14

*Roseboro v. Billington*, 606 F. Supp. 2d 104 (D.D.C. 2009) ... 12

**Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233 (9th Cir. 2012) ... 6

**Saunders v. Galliher & Huguely Assocs., Inc.*, 741 F. Supp. 2d 245 (D.D.C. 2010) ... 7, 9

**Shin v. Univ. of Md. Med. Sys., Corp.*, 369 F. App'x 472 (4th Cir. 2010) ... 6

*Thomas v. District of Columbia*, 227 F. Supp. 3d 88 (D.D.C. 2016) ... 12, 13

*U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002) ... 9

*Waggel v. George Washington Univ.*, 957 F.3d 1364 (D.C. Cir. 2020) ... 11

*Ward v. McDonald,* 762 F.3d 24 (D.C. Cir. 2014) ... 9

*Washington v. Chao*, 577 F. Supp. 2d 27 (D.D.C. 2008) ... 8

*Woodruff v. Peters*, 482 F.3d 521 (D.C. Cir. 2007) ... 11

**Statutes**

29 C.F.R. § 1630.2(n)(1) ... 5

29 U.S.C. § 2612(a)(1)(D) ... 12

42 U.S.C. § 12111(8) ... 5

42 U.S.C. § 12112(a) ... 5

D.C. Code § 2-1402.11(a) ... 5

Defendant Howard University Hospital ("Howard" or "HUH"), by and through its undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. As set forth more fully below, the Complaint relies on conclusory assertions and affirmatively pleads facts that defeat essential elements of Plaintiff's claims under the Americans with Disabilities Act ("ADA"), the District of Columbia Human Rights Act ("DCHRA"), and the Family and Medical Leave Act ("FMLA"). As such, dismissal of this matter with prejudice is warranted.

## I. INTRODUCTION

Plaintiff LaVietra Brown ("Plaintiff" or "Brown") brings this action alleging disability discrimination, failure to accommodate, retaliation, and violations of the FMLA arising from the end of her employment as an Emergency Room Technician at Howard University Hospital. But the Complaint's own factual allegations defeat each of these claims. Accepting the plead facts as true, Plaintiff was medically unable to work for extended periods, experienced active seizures while on duty in a safety-sensitive emergency department role, exhausted her statutory FMLA leave, and was ultimately terminated for unrelated time and attendance violations. Those allegations foreclose relief as a matter of law.

To state claims under the ADA or DCHRA, Plaintiff must plausibly allege that she was a "qualified individual" capable of performing the essential functions of her job, with or without reasonable accommodation. She does not. Instead, the Complaint alleges that medical providers restricted her from working altogether for months, that she continued to experience seizures while working in the Emergency Room, and that she requested an unspecified schedule modification without alleging how such an accommodation would have enabled her to reliably and safely

perform her duties. Courts in this Circuit routinely dismiss disability claims where, as here, a plaintiff's own allegations establish that she could not perform essential job functions. This is especially so given that Plaintiff's employment as an Emergency Room Technician served an important public health function.

Plaintiff's retaliation claims fare no better. She alleges no facts supporting an inference that her termination occurred because of protected activity and instead pleads that she was terminated for time and attendance issues months after requesting any accommodation, exhausting FMLA leave, and returning to work. The passage of time, intervening events, and absence of nonconclusory factual allegations defeat any plausible claim of retaliatory motive.

Finally, Plaintiff's FMLA claims fail on their face. The Complaint affirmatively alleges that Howard approved her FMLA leave and allowed her to exhaust it. The FMLA does not require employers to provide indefinite leave or to retain employees who are unable to return to work or comply with attendance requirements once statutory leave is exhausted.

Because Plaintiff's claims are premised on conclusory assertions contradicted by her own factual allegations, and because amendment would not cure these defects, the Complaint should be dismissed with prejudice.

## II. FACTUAL BACKGROUND

### a. Plaintiff's Employment History at Howard

Plaintiff alleges she worked for Howard University Hospital as an Emergency Room Technician from approximately April 2007 until her termination in or about September 2024. *See* Compl. at 2. She alleges she has epilepsy and a brain tumor and conclusively asserts that she could perform her job with reasonable accommodation. *Id.*

Plaintiff claims she experienced a seizure at work in December 2023. *Id.* Then, in February 2024, she was excused from duty pending medical evaluation and began a period of leave under the FMLA. *Id.* She further alleges she was evaluated by a nurse practitioner and later a neurologist in March or April 2024, who advised that she could not return to work during that period; she remained on FMLA leave from February through May 2024. *Id*

In 2024, Plaintiff says she submitted a written request to her union representative for a schedule change as a disability accommodation, which was then passed on to her supervisor, and that request was denied. *Id.* Plaintiff alleges that in July 2024 she was directed to return to work or face termination; her provider then "cleared" her and she returned in or about July 2024. *Id.* The Complaint alleges that Plaintiff continued to experience seizures after returning to work, including while on duty. *Id.*

Plaintiff alleges that she was ultimately terminated from her employment due to "issues related to time and attendance." *Id.* Plaintiff contends that her termination and the denial of her accommodation request constitute disability discrimination, failure to accommodate, and retaliation in violation of the ADA and the DCHRA, as well as interference and retaliation under the FMLA. *Id.* at 3.

b. <u>Procedural History</u>

Plaintiff filed this matter *pro se* in the Superior Court for the District of Columbia on or about December 29, 2025. The Complaint pleads disability discrimination, failure to accommodate, and retaliation under the ADA and DCHRA, and interference and retaliation under the FMLA. Howard was served on or about January 6, 2026 and timely removed this matter on January 26, 2026. *See* ECF No. 1. Howard now moves for dismissal of the Complaint for failure to state a claim upon which relief may be granted.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action based upon the plaintiff's "failure to state a claim upon which relief can be granted." In essence, a motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). Although detailed factual allegations are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the grounds for entitlement to relief, a plaintiff must tender "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, a complaint must contain sufficient factual matter, which if accepted as true, states a claim to relief that is plausible on its face. *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

In considering a 12(b)(6) motion to dismiss, a court must accept as true all of the well-pleaded factual allegations contained in the complaint, *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), and grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Comm'cns Corp*., 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, a court "need not accept inferences drawn by plaintiff[ ] if such inferences are unsupported by the facts set out in the complaint." *Id*. Nor must the court accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. By the same token, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.; *Bello v. Howard Univ*., 898 F. Supp. 2d 213, 218-219 (D.D.C. 2012); *see also Iqbal*,

556 U.S. at 678 ("an unadorned, the-defendant-unlawfully-harmed-me accusation" will not survive a motion to dismiss).

## IV. ARGUMENT

### a. Plaintiff Fails to State a Claim for Disability Discrimination Under the ADA or DCHRA

The ADA prohibits employers from discriminating "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a); *see also* D.C. Code § 2-1402.11(a) (prohibiting certain employment acts performed for a discriminatory reason based upon an actual or perceived disability).

#### *i. Plaintiff Does Not Plausibly Allege She Was A Qualified Individual.*

To state a claim under the ADA or DCHRA, Plaintiff must plausibly allege that she was a "qualified individual" who could perform the essential functions of her position, with or without reasonable accommodation. *See* 42 U.S.C. § 12111(8). Specifically, to establish a *prima facie* case, the plaintiff has the burden of showing by a preponderance of the evidence that she has a disability, but with a reasonable accommodation (which she must describe), she can perform the essential functions of the job. *Flemmings v. Howard Univ.,* 198 F.3d 857, 861 (D.C. Cir. 1999). "Essential functions" are the fundamental duties of a position. 29 C.F.R. § 1630.2(n)(1). Courts frequently defer to the employer's judgment as to what functions of a job are essential. *Kalekiristos v. CTF Hotel Mgmt. Corp.,* 958 F. Supp. 641, 660 (D.D.C.1997), *aff'd,* 132 F.3d 1481 (D.C. Cir. 1997). An individual who cannot perform the essential duties of her job, even with an accommodation, is not "qualified" under the statute. *Chinchillo v. Powell,* 236 F.Supp.2d 18, 24 (D.D.C. 2003).

Additionally, when determining whether a function is essential to a particular position for purposes of a reasonable accommodation, courts "generally give substantial weight to the

employer's view of job requirements." *Hunt v. Dist. of Columbia,* 66 A.3d 987, 990 (D.C. 2013) (internal quotations omitted). This holds especially true in the healthcare setting, where the employer must ensure that a requested accommodation does not compromise the function of the hospital or patient safety. *See Shin v. Univ. of Md. Med. Sys., Corp*., 369 F. App'x 472, 482 (4th Cir. 2010); *see also Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233 (9th Cir. 2012) ("An employer need not provide accommodations that compromise performance quality—to require a hospital to do so could, quite literally, be fatal.")

Accordingly, a disability-discrimination claim requires plausible facts showing Plaintiff could perform the essential functions of the Emergency Room Technician role with or without a reasonable accommodation. Here, the Complaint alleges that Plaintiff suffered from epilepsy and a brain tumor and Plaintiff's own narrative alleges that (i) she experienced a workplace seizure in December 2023; (ii) beginning February 2024, she was medically restricted from working, with her neurologist advising she could not return in March/April; and (iii) even after her July 2024 return, she "continued to experience seizures, including while at work." *See* Compl. at 2. Those allegations, taken together, do not plausibly plead that she could perform the essential functions of an emergency department role – one that, by common sense and as pled, implicates continuous attendance, alertness, and safety – either without accommodation or with the unspecified accommodation she references in the Complaint.

Notably, Plaintiff does not allege what the essential functions of her position were, how those functions could be performed while experiencing active seizures, or that any accommodation would have rendered her able to do so. The Complaint offers only the conclusory assertion that she was "capable" with accommodation, but provides no factual content describing how, in light of ongoing seizures, she could safely and reliably perform the essential duties of an Emergency

Room Technician. Indeed, the allegations in the Complaint affirmatively undermine any inference that Plaintiff could safely perform the essential functions of an Emergency Room Technician – a safety-sensitive role involving patient care – at the time of the challenged employment actions.

Courts routinely dismiss ADA claims where a plaintiff's own allegations demonstrate inability to perform essential job functions. For example, in *Saunders v. Galliher & Huguely Assocs., Inc.*, the court determined that the plaintiff, who was employed as a truck driver and fork lift operator, was not "qualified" under the ADA because he had not indicated that he could perform the essential elements of his job and had not identified any reasonable accommodation that would allow him to do so where the plaintiff alleged his doctors determined he was unable to work at all for over a week and thereafter was only able to work in a "light duty" position that would not include any bending or stooping or lifting of over ten pounds. 741 F. Supp. 2d 245, 249 (D.D.C. 2010). Noting that the essential elements of the job of a truck driver and fork lift operator include loading and unloading deliveries to customers and that the ADA does not require an employer to relieve an employee of the essential duties of his job or to modify the duties of the position, the court granted the employer's motion to dismiss. *Id.*

Similarly, in *Carter v. Carson*, the court determined that the plaintiff had pleaded herself out of court and was not otherwise qualified where the plaintiff alleged that she "missed 1800 work hours" from "FY2010 to June 2012" and attributed 1104 of these missed work hours to "medically related" causes. 241 F. Supp. 3d 191, 196 (D.D.C. 2017), aff'd, 715 F. App'x 16 (D.C. Cir. 2018). The *Carter* court noted that an employee is not "qualified" if her workplace attendance is so infrequent that she is unable to perform her job, concluding: "You do not need to be Oliver Wendell Holmes to conclude that someone who cannot 'appear for work' does not meet even the 'minimum expectations' of [ ] employment and is 'unqualified for *any* position' as a matter of law." *Id; see*

*also Badwal v. Bd. of Trs. of Univ. of D.C.*, 139 F. Supp. 3d 295, 310 (D.D.C. 2015) (concluding that "plaintiff [ ] failed to allege he was a qualified individual for purposes of the ADA where he alleged in the complaint that he "became physically incapable of performing his duties as a full professor"). As in those cases, Plaintiff here has plead herself out of court as the Complaint demonstrates she was not otherwise qualified.

*ii. Plaintiff Fails to Allege Facts Supporting an Inference of Discriminatory Intent.*

Plaintiff's disability discrimination claims under the ADA and DCHRA also fail because she does not plausibly allege that any adverse action was taken *because of* her disability. The only adverse action alleged in the Complaint is Plaintiff's termination in September 2024, after she had exhausted her FMLA leave and returned to work. However, Plaintiff fails to allege that her termination occurred "because of" her disability. Instead, she alleges that she was terminated due to "time and attendance" issues. The enforcement of neutral attendance policies, even where absences are medically related, does not constitute disability discrimination absent additional facts suggesting animus or disparate treatment. "Under D.C. Circuit law, there can be no reasonable inference of [ ] discrimination where an individual just happens to be a member of a protected class—actionable discrimination only occurs when any employer acts 'because of' the plaintiff's status as a member of a protected class." *Washington v. Chao*, 577 F. Supp. 2d 27, 42 (D.D.C. 2008).

Here, there are no alleged statements, comparators, deviations from policy, or other circumstantial facts that nudge an inference of discriminatory intent across the plausibility line. The bare sequence – medical leave due to disability, return, termination – without more, is insufficient. Such conclusory assertions of discrimination are insufficient under *Iqbal*.

b. Plaintiff Fails to State a Claim for Failure to Accommodate.

To prevail on a claim for failure to accommodate, the plaintiff must demonstrate that (1) she was a qualified individual with a disability; (2) her employer had notice of her disability; and (3) her employer denied her request for a reasonable accommodation. *Ward v. McDonald,* 762 F.3d 24, 31 (D.C. Cir. 2014). As discussed above, Plaintiff has failed to allege that she was a "qualified individual" for purposes of stating a disability discrimination claim; rather, her allegations tend to show that she was *not* capable of performing the essential functions of her Emergency Room Technician position during the time period relevant to her claim.

Moreover, to state a failure-to-accommodate claim, Plaintiff must allege that she requested a reasonable accommodation that would have enabled her to perform the essential functions of her job. *See Flemmings*, 198 F.3d at 861. A reasonable accommodation "seems reasonable on its face, *i.e.*, ordinarily or in the run of cases[.]" *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 400 (2002). Importantly, the ADA "does not relieve a disabled employee or applicant from the obligation to perform the essential functions of a job." *Duncan v. Harvey*, 479 F. Supp. 2d 125, 133-134 (D.D.C. 2007) (finding employee's request to permanently remove job duty from position was unreasonable under the ADA); *see also Cochrum v. Old Ben Coal Co.*, 102 F.3d 908, 913 (7th Cir. 1996) ("reasonable accommodation does not encompass reallocation of essential job functions"); *Benson v. Northwest Airlines*, 62 F.3d 1108, 1114 (8th Cir. 1995) ("[defendant] need not eliminate an essential job function to accommodate [plaintiff]"); *Saunders*, 741 F. Supp. 2d at 249 ("The duty to accommodate does not require an employer to relieve the employee of any essential functions of the job or modify the actual duties.").

Here, Plaintiff alleges only that she requested a "change in work schedule," to her union representative, which was forwarded to her supervisor, without identifying the specific accommodation sought, explaining how it would have addressed her medical limitations, or

alleging that it would have allowed her to work safely and consistently.[1] Such vague allegations are insufficient as a matter of law. Plaintiff does not allege:

- what specific schedule change (*e.g.*, fixed shifts, hours, frequency) was sought;
- how that accommodation would have enabled performance of essential Emergency Room duties in light of ongoing seizures; or
- that the request was feasible and would not eliminate essential functions (*e.g.*, on-site, reliable presence in a 24/7 Emergency Room).

Courts have held that such conclusory allegations do not survive a Rule 12(b)(6) motion. For instance, in *Austin v. American Institute for Research*, where the employee alleged that she requested a departmental transfer, the court determined that she did not plausibly assert a failure to accommodate claim because she alleged no facts to show any vacant position was available, let alone one for which she would be qualified; rather she made only the general allegation that "she knew what positions were available." 75 F. Supp. 3d 247, 254-55 (D.D.C. 2014). The *Austin* court determined that the employee had not adequately plead that she requested and was denied a reasonable accommodation. Such is the case here.

The Complaint also pleads that, during the same timeframe as her alleged accommodation request, her neurologist advised she could not work at all (March/April 2024), and that after July 2024 she continued to experience seizures at work – facts that undercut any inference that a schedule tweak would have been effective to enable her performance. The ADA does not require employers to accommodate an employee who is unable to work, nor does it require indefinite or

[1] Importantly, Howard has a process for an employee to directly request a disability related workplace accommodation through its Office of Human Resources. However, Plaintiff's allegation that she requested an accommodation to her union representative does not follow Howard's process for requesting an accommodation in form or substance.

medically unsupported leave. *See Minter v. District of Columbia*, 809 F.3d 66, 69-70 (D.C. Cir. 2015). Plaintiff's failure to accommodate claim fails for this reason as well.

c. Plaintiff Fails to State a Claim for Retaliation Under the ADA or DCHRA.

To plead retaliation, Plaintiff must allege facts supporting a causal connection between protected activity and an adverse action. Here, Plaintiff alleges only that she requested an accommodation ("in 2024") and was terminated months later, following time and attendance problems. *See* Compl. at 2.

The substantial temporal gap, combined with intervening events – including medical leave, medical clearance, continued seizures, and attendance issues – defeats any plausible inference of causation. Temporal proximity can support an inference of causation "only where the two events are 'very close' in time." *Woodruff v. Peters*, 482 F.3d 521, 529 (D.C. Cir. 2007). Absent factual allegations of retaliatory motive or similarly situated comparators, Plaintiff's retaliation claims must be dismissed.

d. Plaintiff Fails to State a Claim for FMLA Interference.

To prevail on an FMLA interference claim, a plaintiff must show (1) employer conduct that reasonably tends to interfere with, restrain, or deny the exercise of FMLA rights, and (2) prejudice arising from the interference. *Waggel v. George Washington Univ.*, 957 F.3d 1364, 1376 (D.C. Cir. 2020). Here, Plaintiff fails to allege any conduct by Howard that interfered with her admitted use of FMLA leave.

Indeed, Plaintiff affirmatively alleges that she was granted FMLA leave from approximately February through May 2024 (over 12 weeks, meaning that Plaintiff would have

exhausted any leave under the FMLA)[2] and does not allege that any request for FMLA leave was denied. There is no allegation that Howard denied, curtailed, or otherwise interfered with that leave or any FMLA entitlement. Nor does Plaintiff allege that she was not given the option of returning to an equivalent position upon exhaustion of her FMLA leave.

While Plaintiff alleges that in July 2024, her supervisor instructed her to return to work or face termination, by Plaintiff's own allegations this was two months *after* she concluded her FMLA leave in May 2024. *See* Compl. at 2. Howard had no obligation under the FMLA to provide Plaintiff with indefinite medical leave. Termination after the exhaustion of FMLA leave and several months after an employee returns to work, particularly for attendance issues, does not constitute interference as a matter of law. *See, e.g., Roseboro v. Billington*, 606 F. Supp. 2d 104, 111 (D.D.C. 2009) (finding that employee's "failure to return to work was a legitimate basis for firing him" when the employee had exhausted his FMLA leave but remained absent for nearly 5 more months). Accordingly, Plaintiff's FMLA interference claim should be dismissed.

e. Plaintiff's FMLA Retaliation Claim Likewise Fails.

Plaintiff's FMLA retaliation claim fails for similar reasons as her ADA and DCHRA retaliation claims. In analyzing FMLA retaliation claims, courts apply the burden-shifting framework adopted in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *See Thomas v. District of Columbia*, 227 F. Supp. 3d 88, 99 (D.D.C. 2016). In order to establish a prima facie case of FMLA retaliation Plaintiff must demonstrate that: (1) she engaged in a protected activity; (2) Howard took an adverse employment action; and (3) there was a "causal connection between the two." *Chang v. Inst. For Pub.-Priv. Partnerships, Inc.*, 846 A.2d 318, 329 (D.C. 2004). If the

[2] FMLA permits an employee to take up to twelve weeks of leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).

employee makes this *prima facie* showing, the employer may overcome the presumption of retaliation by producing evidence of "a legitimate, non-discriminatory reason" for its action. *Thomas*, 227 F. Supp. at 99.

Here, there is no plausible causal connection between Plaintiff's use of FMLA leave, which started in February 2024 and ended in May 2024 per the Complaint and her termination several months later in September 2024. *See* Compl. at 2. Rather, the Complaint itself acknowledges that Plaintiff's termination was "due to issues related to time and attendance." *Id.*

Plaintiff cannot rely on temporal proximity to support an inference of causal connection here. Under the law "[t]he clock starts when the employer knows about the employer's protected activity" and "[a] gap of three months or more is generally too long to support an inference of causation." *George v. Molson Coors Beverage Co. USA, LLC*, No. 1:20-CV-01914 (TNM), 2020 WL 5702089, at *7 (D.D.C. Sept. 24, 2020) (finding too large of a gap to support an inference of causation where an employee started his leave on October 31 and the alleged adverse action occurred in late February). Howard knew about Plaintiff's FMLA leave as early as February 2024 – when her continuous leave of absence began – but did not terminate her until September 2024, 7 months later and long after she exhausted her FMLA benefits in May 2024. *See also Alford v. Providence Hosp.*, 945 F. Supp. 2d 98, 108 (D.D.C. 2013), aff'd, 561 F. App'x 13 (D.C. Cir. 2014) (finding employee could not show a causal connection "between the exercise of her FMLA and DCFMLA rights and her termination" when there was a nine-month passage of time between the exhaustion of FMLA leave and her termination).

The Complaint alleges no facts plausibly suggesting that her use of FMLA leave was a motivating factor in her termination. Instead, Plaintiff alleges a legitimate, non-retaliatory reason

for termination: time and attendance issues. Conclusory allegations of retaliatory motive, unsupported by factual content, are insufficient to state a claim.

f. The Complaint Should Be Dismissed With Prejudice.

The Complaint fails to state a plausible claim against Howard and should be dismissed. Moreover, because the Complaint alleges facts that refute Plaintiff's claims, the Complaint should be dismissed with prejudice. *See E. Sav. Bank, FSB v. Papageorge*, 31 F. Supp. 3d 1, 22 (D.D.C. 2014), aff'd, 629 F. App'x 1 (D.C. Cir. 2015) (unpublished) (dismissing complaint with prejudice where there were no allegations that "could give rise to legal liability under any of the theories advanced by the plaintiff"); *Quick v. EduCap, Inc.*, 318 F. Supp. 3d 121, 141-42, 144 (D.D.C. 2018) (dismissing plaintiff's RICO claims with prejudice because plaintiff failed to plead two essential elements).

Plaintiff's own allegations demonstrate that she was not "otherwise qualified" for her position as an Emergency Room Technician, such that she cannot state any plausible claim of disability discrimination or failure to accommodate under the ADA or DCHRA. She alleges no facts whatsoever that support her claims of FMLA interference by Howard and instead pleads that she was approved for FMLA leave for approximately three months. And her retaliation claims fail as a plain reading of the Complaint shows that her termination occurred several months after any protected activity – thus undercutting any reliance on temporal proximity – and Plaintiff alleges no other facts to plausible allege a causal connection. Instead, in this lawsuit, she attempts to circumvent the plain fact – as evident from her own Complaint – that she was lawfully terminated for time and attendance issues.

## V. CONCLUSION

For the foregoing reasons, the Court should dismiss all claims against Howard with prejudice. Plaintiff's claims are conclusory and fail to state a plausible claim.

February 2, 2026

Respectfully submitted,

**HOWARD UNIVERSITY**

/s/ *Nathiya Nagendra*
Zachary I. Shapiro
Deputy General Counsel
D.C. Bar # 1021639
Nathiya Nagendra
Senior Associate General Counsel
D.C. Bar #1031055
Howard University
2400 Sixth Street, N.W.
Washington, D.C. 20059
T: 202-806-2650
E-mail: zachary.shapiro@howard.edu
nathiya.nagendra@howard.edu